**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HAMEEDA SOMANI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:20-cv-391** |
| **vs.** | § | |
| | § | |
| **TESLA, INC. d/b/a** | § | |
| **TESLA MOTORS, INC.** | § | |
| | § | **JURY** |
| **Defendant.** | § | |

**TESLA INC.'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Tesla, Inc. ("Tesla"), in the cause styled "*Hameeda Somani v. Tesla, Inc. d/b/a Tesla Motors, Inc.,*" originally pending as Cause No. DC-20-00397 in the B-44th Judicial District Court of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division. In support of this Notice of Removal, Tesla alleges and states as follows:

**I.
BACKGROUND**

1.      This breach of warranty lawsuit arises out of a vehicle purchase that occurred on or about November 21, 2016.[1]   Plaintiff Hameeda Somani alleges that she purchased a new 2016 Tesla Model S ("Model S") for $71,700 and that, at the time of purchase, the Model S was accompanied by a four-year and 50,000-mile New Vehicle Limited Warranty.[2] Subsequently, Plaintiff alleges that she discovered "numerous defects" in the Model S, within various vehicle components and that, as a result of repairs to these alleged defects, the Model S was out of

---

[1] See Plf's Orig. Pet. at ¶ 8, attached as Exhibit 1, along with Exhibit A to Plf's Orig. Pet.
[2] Id. at ¶ 9.

service for at least twenty-seven days.[3] Plaintiff further alleges that Tesla failed to repair defects within the Model S while it was out of service and that these defects substantially impaired the vehicle's use, value, and safety to Somani.

2.      On January 8, 2020, Plaintiff filed her original action in the B-44th Judicial District Court of Dallas County, Texas, naming Tesla as the sole defendant.[4]  Plaintiff asserts that Tesla has violated the Magnuson-Moss Warranty Act and also asserts claims for breach of express and implied warranty.[5]

## II.
### BASIS OF REMOVAL: DIVERSITY JURISDICTION

3.      This matter is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3) based on diversity of citizenship and an amount-in-controversy exceeding $75,000, exclusive of interest and costs.

**A.      The amount-in-controversy requirement is satisfied.**

4.      Pursuant to 28 U.S.C. § 1446(c)(2), if removal is sought based on diversity jurisdiction under 28 U.S.C. § 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[6]

5.      In her Petition, Plaintiff asserts that she is entitled to recovery of the Model S's $71,700 purchase price, "along with all expenses Plaintiff has incurred as a result of the Subject Vehicle's non-conformities, including loss of use of the Subject Vehicle, and reimbursement for expenses related to aftermarket items installed on the Subject Vehicle."[7] Plaintiff also seeks "costs and expenses of the suit including attorney's fees based on actual time expended."[8]  The

---

[3] Id. at ¶13.
[4] See generally id.
[5] Id. at ¶¶ 21-43.
[6] See also Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) (holding jurisdiction will be proper if "it is facially apparent" from the plaintiff's complaint that their "claims are likely above [$75,000]"); Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008) (holding "[o]nce the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless plaintiff cannot possibly recover that amount.").
[7] Id. at ¶¶ 19 and 42.
[8] Id. at ¶ 43.

amount in controversy thus far exceeds the $75,000 jurisdictional minimum of this Court.

**B.     Complete diversity exists as to all parties.**

6.     There is complete diversity between Plaintiff and Defendant.

7.     Plaintiff Hameeda Somani, at the time of the initial filing of this action and at the current time of the removal of this action, is a citizen and resident of the State of Texas and domiciled in the State of Texas.[9]

8.     Tesla, at the time this action was commenced, was and still is a corporation organized under the laws of Delaware with its principal place of business in California and is not organized under the laws of the State of Texas, where this action was brought.

9.     Removal is thus proper because there is complete diversity between Plaintiff and the only properly joined and served Defendant, Tesla.

**III.**
**BASIS OF REMOVAL: FEDERAL QUESTION JURISDICTION**

10.     Additionally, this Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Original Petition, which is the operative complaint, arises under the Federal Magnuson-Moss Warranty Act 15 U.S.C. § 2301, et seq., and because Plaintiff's claims for damages satisfies the necessary amount in controversy under that statute.

11.     Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States."[10] An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.[11]

12.     This Court has original jurisdiction over the Plaintiff's claims that arises under a federal statute, i.e., 15 U.S.C. § 2301 et seq., otherwise known as the Magnuson-Moss Warranty Act.

---

[9] See id. at 2.
[10] 28 U.S.C. § 1331.
[11] Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 27-28 (1983).

**A.    The Magnuson-Moss Warranty Act's amount-in-controversy requirement is satisfied.**

13.    The Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection."[12] Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit . . . ."[13]

14.    The amount in controversy is satisfied here. The amount exceeds $50,000.00, exclusive of interest and costs, because through her claims Plaintiff seeks recovery of the Model S's $71,700 purchase price,[14] along with other damages, expenses, and attorney's fees.

15.    Thus, the amount in controversy for a removal based on federal question jurisdiction is satisfied.

**B.    This Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

16.    "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[15] The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction' . . . ."[16] Although not all of the claims "arise under" federal law, removal is still appropriate if that claim is transactionally related (*i.e.,* "supplemental") to at least one

---

[12] 15 U.S.C. § 2310(d)(1)(B).
[13] 15 U.S.C. §2310(d)(3)(B).
[14] Ex. A at ¶¶ 19 and 42.
[15] 28 U.S.C. §1367(a).
[16] City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997).

substantial federal claim.[17] A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding."[18]

17.     Here, all of Plaintiff's causes of action arise out of the same nucleus of operative facts, i.e., the purchase of the Model S and its alleged warranties. Accordingly, to the extent there are other causes of action that arise based on the same operative facts, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.[19]

18.     Based upon the foregoing, all requirements for federal question removal have been met.

**IV.**
**CONSENT**

19.     Tesla is the only defendant who has been served in this case. Thus, all properly joined and served defendants have consented to removal.[20]

**V.**
**REMOVAL IS TIMELY**

20.     Tesla timely removes this case under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a) because Tesla was served on January 16, 2020[21]; the 30th day following removal fell on Saturday, February 15; and the first day that is not a Saturday, Sunday, or legal holiday is Tuesday, February 18.[22] Additionally, this Notice of Removal comes within one year after the commencement of Plaintiff's suit.[23] Tesla's Notice of Removal is thus timely.

---

[17] Zuniga v. Blue Cross & Blue Shield of Michigan, 52 F.3d 1395, 1399 (6th Cir. 1995).
[18] United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).
[19] See Priebe v. Autobarn, Ltd., 240 F.3d 584 (7th Cir. 2001) (where federal jurisdiction existed under Magnuson-Moss, district court properly exercised supplemental jurisdiction over plaintiffs' remaining causes of action including a state fraudulent business practices claim and a common law fraud claim).
[20] See 28 U.S.C. § 1446(b)(2)(A).
[21] See Executed Citation to Tesla, Inc. at p. 4, attached as Exhibit 2.
[22] See Hyman v. Metro. Park, Inc., 1:09-CV-841, 2009 WL 10677680, at *1, n. 1 (E.D. Tex. Dec. 4, 2009); Castillo v. Hongjin Crown Corp., DR08CV00031AMLVRG, 2009 WL 10669499, at *2, n. 4 (W.D. Tex. July 14, 2009), report and recommendation adopted as modified, DR08CV0031AMLVRG, 2009 WL 10669625 (W.D. Tex. Sept. 16, 2009); Ramirez v. Michelin N. Am., Inc., C.A. C-07-228, 2007 WL 2126635, at *1, n. 1 (S.D. Tex. July 19, 2007); see also Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772, 773, n. 2 (S.D. Tex. 2013)
[23] See 28 U.S.C. § 1446(c)(1).

## VI.
## NOTICE TO STATE COURT

21.     A copy of this Notice of Removal is being filed with the Clerk of the B-44th Judicial District Court of Dallas County, Texas, and is being served upon all parties, in accordance with 28 U.S.C. § 1446(d).

## VII.
## STATE COURT FILINGS

22.     In accordance with 28 U.S.C. Section 1446(a), copies of all executed processes, pleadings and orders, as well as the docket sheet, and an index of all pleadings relating to the Action and previously filed with the B-44th Judicial District Court of Dallas County, Texas are attached as Exhibit 3 for the Court's reference.

WHEREFORE, Tesla, Inc., by its counsel, removes the subject accident from the B-44th Judicial District Court of Dallas County to the United States District Court for the Northern District of Texas, Dallas Division and respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,


/s/ Ryan S. Jones
**CARY A. SLOBIN**
State Bar No. 00797445
Cary.Slobin@bowmanandbrooke.com
**RYAN S. JONES**
State Bar No. 24094343
Ryan.Jones@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Telephone: 972.616.1700
Facsimile: 972.616.1701

**ATTORNEYS FOR
DEFENDANT, TESLA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

On February 18, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Ryan S. Jones